GLD-129                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4208
_____

DARLENE JOHNSON,
                                        Appellant

v.

LAUNDRY WORKERS LCL 141 & AGENTS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-00871)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2011

Before:  AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed: March 10, 2011)
_____

OPINION
_____

PER CURIAM.

      Darlene Johnson commenced this suit by filing a pro se complaint in Pennsylvania

state court seeking damages based on claims that her former employer, "Cleancare,"

breached its collective bargaining agreement ("CBA"), and that her labor union and its

"agents" breached the duty of fair representation. The lone named defendant, "Laundry Workers Local 141 & Agents," removed Johnson's suit to the District Court for the Western District of Pennsylvania and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] The District Court granted the motion, concluding that Johnson failed to plead sufficient facts to support a claim for breach of the CBA or the duty of fair representation. The District Court added that Johnson cannot state a claim against Local 141 for breach of the CBA because such a claim must be asserted against her employer in a "hybrid" action. Further, insofar as Johnson names "agents" of Local 141 as defendants, the District Court explained that individual officers, agents, or members of a labor organization are immune from liability on a claim for breach of the duty of fair representation. The District Court afforded leave to amend the complaint.

Johnson filed a one-page amended complaint with portions of the CBA and other documents attached as exhibits. She asserted that Local 141 breached the duty of fair representation during a grievance meeting by agreeing with Cleancare on a full-time position; Johnson seemed to complain that it took too long (five weeks) for her to receive this full-time position. Johnson also alleged that there were "unnecessary meetings" prior to Cleancare's imposition of "points" for work-related infractions, and that the points

---

[1] We will refer to defendant, which identifies itself as "Local 141, Pennsylvania Joint Board," as "Local 141." Local 141 and Cleancare were parties to a CBA, a copy of which was attached to the notice of removal.

lacked evidentiary support. Finally, she alleged that there were further unnecessary meetings with regard to her vacation pay and three personal days.[2]

Local 141 again moved to dismiss, arguing that Johnson had failed to cure the defects in her complaint. The District Court agreed, explaining that the amended complaint offered insufficient factual averments to fill in the deficiencies of the original complaint. Concluding that the amended complaint did not "'nudge [the] claims across the line from conceivable to plausible,'" Op. at 4 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)), the District Court dismissed the suit with prejudice. Johnson timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a Rule 12(b)(6) dismissal. In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn

---

[2] The exhibits attached to the amended complaint reflect that in May 2008 Johnson filed a complaint with the City of Pittsburgh Commission on Human Relations challenging Cleancare's decision to deny her full-time employment. Johnson also filed a union grievance. Johnson later filed a second agency complaint after she was terminated on November 26, 2008, from her position as a laundry worker. In response the agency complaint, Cleancare asserted that Johnson was fired for cause and that she was paid for all leave to which she was entitled.

in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009). Applying these standards, we will summarily affirm.

The District Court properly treated Johnson's suit as a "hybrid" action under § 301 of the federal Labor Management Relations Act. Such an action "is one in which a union member sues his or her employer for breaching its contractual obligations under the collective bargaining agreement and the union for breaching its duty of fair representation." Beidleman v. Stroh Brewery Co., 182 F.3d 225, 236 (3d Cir. 1999). "In the 'hybrid' suit, the plaintiff will have to prove that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa." Felice v. Sever, 985 F.2d 1221, 1226 (3d Cir. 1993).

We agree that Johnson fails to state a claim for breach of the CBA. Because such a claim is properly asserted against the employer in a hybrid action, and not the union, Johnson cannot maintain her claim for breach of the CBA against Local 141, the only defendant that she named in this suit. Further, even if a claim for breach of the CBA could be entertained, Johnson pleads no facts suggesting that the CBA was violated. Johnson fails, for example, to offer any indication as to how the "points" imposed, her termination, or the treatment of her leave time violated the CBA's terms. Her allegations of unnecessary meetings and delay in receiving a full-time position do not set forth a viable claim that the CBA was breached.

The District Court also properly rejected the claim for breach of the duty of fair representation. Because Johnson has not stated a claim for breach of the CBA, she

4

cannot maintain a claim against Local 141 for breach of the duty of fair representation. See Felice, 985 F.2d at 1226. In any event, "[a] breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). While Johnson complains vaguely that Local 141 poorly represented her and "allowed" Cleancare to take actions that displeased her, she alleges no facts suggesting that Local 141's conduct was arbitrary, discriminatory, or in bad faith. The District Court also correctly dismissed the "agents" or individual representatives of Local 141 as immune from liability. See Carino v. Stefan, 376 F.3d 156, 160 (3d Cir. 2004).

In sum, because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's judgment.